UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> PLAINTIFF, <br><br> v. <br><br> $16,700 IN U.S. CURRENCY, <br><br> DEFENDANT. | Civil Action No. |

**VERIFIED COMPLAINT FOR FORFEITURE**

COMES NOW, the United States of America, Plaintiff in the above-styled civil action, pursuant to 21 U.S.C. § 881(a)(6), and files this verified Complaint for Forfeiture, showing the Court as follows:

### I.   THE DEFENDANT IN REM

1. This is a civil forfeiture action against $16,700.00 in U.S. Currency ("Defendant Currency") seized from Michael Cochran ("Cochran") during a traffic stop at or near 328 Edgewood Avenue NE, Atlanta, Georgia, within the Northern District of Georgia, by the Atlanta Police Department on or about August 16, 2020.

1

2. The Defendant Currency is presently located in a secure account maintained by the United States Marshals Service.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355.

4. This Court has *in rem* jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts or omissions giving rise to the forfeiture occurred in this district and pursuant to 28 U.S.C. § 1395 because the property is located in this district.

## III. BASIS FOR FORFEITURE

6. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it was furnished or intended to be furnished in exchange for a controlled substance, it constitutes proceeds traceable to such an exchange or it was used or intended to be used to faciliate the sale or exchange of a controlled substance.

### III. FACTUAL BACKGROUND SUPPORTING FORFEITURE

7. On or about August 16, 2020 at approximately 1:53AM, Atlanta Police Department ("APD") Officers Gonzalez and Dziuban were on routine patrol in a marked patrol vehicle in the Edgewood area of Atlanta, Georgia.

8. Officers Gonzalez and Dziuban observed a dark gray 2019 Dodge Charger "laying drags," or driving in circular or zigzag course, in front of 328 Edgewood Avenue.

9. Driving in a circular or zigzag course is prohibited under Official Code of Georgia Annotated § 40-6-251.

10. The officers activated the lights and sirens on the patrol vehicle and conducted a traffic stop.

11. Officer Diziuban arrested the driver, identified as Michael Conchran ("Cochran").

12. As Officer Gonzalez removed the passenger, Andre Brooks ("Brooks"), from the vehicle, he observed a purple firearm, later identified as a Taurus G2C, 9MM, serial number TMC85707, in plain view on the passenger seat.

13. Officer Gonzalez conducted a safety pat down of Brooks and felt what he believed to be, based on his knowledge, training and experience, narcotics in a plastic wrapping in Brooks' pocket.

3

14. Upon removing the plastic wrapping from Brooks' pocket, it was determined to be a small plastic wrap baggie containing three pills of apparent Oxycontin.

15. Officer Gonzalez also discovered $5,864.00 in U.S. currency and four grams of marijuana inside a "backwoods" tobacco bag.

16. The Atlanta Police Department conducted an inventory of the Dodge Charger and discovered one Black Glock 27, 40 caliber, serial number EU1948, containing 14 rounds under the driver's seat.

17. The Atlanta Police Department also discovered a black "fanny pack" style waist bag that contained the Defendant Currency, along with 46 grams of marijuana and three synthetic THC vape oil containers.

18. The Atlanta Police Department discovered that Cochran had an activie warrant for failure to appear, traffic offenses.

19. Atlanta Police Department discovered that Brooks had an active warrant issued in Henry County for possession with intent to distribute.

20. The Atlanta Police Department arrested Cochran for possession, manufacture, distribution or sale of marijuana, among other things.

21. The Atlanta Police Department arrested Brooks for possession of a schedule II controlled substance, among other things.

Accordingly, based on the foregoing, the Defendant Currency is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that it was furnished or intended to be furnished in exchange for a controlled substance, that it constitutes proceeds traceable to such an exchange or that it was used or intended to be used to facilitate the sale or exchange of a controlled substance.

WHEREFORE, the United States of Ameria prays as follows:

1. That the Court forfeit the Defendant Currency to the United States of America;

2. That the Court award the United States the costs of suit incurred in this action; and,

3. That the Court grant such other relief as the Court deems just and proper.

This 12 day of January, 2021.

        Respectfully submitted,

        BOBBY L. CHRISTINE
        *United States Attorney*
        *600 U.S. Courthouse*
        *75 Ted Turner Drive SW*
        *Atlanta, GA 30303*
        *(404) 581-6000   fax (404) 581-6181*

        SEKRET T. SNEED
        *Assistant United States Attorney*
        Georgia Bar No. 252939
        sekret.sneed@usdoj.gov

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>PLAINTIFF,<br><br>v.<br><br>$16,700 IN U.S. CURRENCY,<br><br>DEFENDANT. | Civil Action No. |

**VERIFICATION OF COMPLAINT FOR FORFEITURE**

I, Task Force Officer Nermin Cultarevic, have read the Verified Complaint for Forfeiture in this action and state that its contents are true and correct to the best of my knowledge and belief, based upon my personal knowledge of the case and upon information obtained from other law enforcement personnel.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

This __12__ day of January, 2021.

_____
TASK FORCE OFFICER NERMIN CULTAREVIC
DRUG ENFOREMENT AGENCY

6

## CERTIFICATE OF COMPLIANCE

I hereby certify, pursuant to Local Rules 5.1 and 7.1D, that the foregoing brief has been prepared using Book Antiqua, 13 point font.

/s/SEKRET T. SNEED
*Assistant United States Attorney*